O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PATRICK BRADFORD, | Case No. EDCV 09-01334-CJC (MLG) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

**I.   Factual and Procedural Background**

Petitioner is a state prisoner currently incarcerated at the California Training Facility in Soledad, California.  He filed this petition for writ of habeas corpus on July 14, 2009. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The petition challenges a November 2000 judgment from the San Bernardino County Superior Court, in which Petitioner was sentenced to two concurrent terms of 25 years to life, following his convictions of

passing a forged check and possession of a forged check, along with a "Three Strikes" enhancement. Cal. Penal Code §§ 475(a), 475(c), 667(b)-(i), 1170.12(a)-(d).

Petitioner exhausted his state court appeals[1] and on November 20, 2002, he filed a petition for writ of habeas corpus in this court challenging the judgment of conviction. *Bradford v. Giurbino*, Case No. EDCV 02-1271-CJC (JTL).  On September 26, 2003, this court entered an order and judgment denying the petition on the merits.  The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on April 6, 2004. *Bradford v. Giurbino,* Case No. 03-56896.

The current petition reveals that Petitioner returned to the state courts in 2008, and filed a series of petitions for writ of habeas corpus in the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court. In those petitions, he raised claims alleging that the trial court abused its discretion and violated his right to due process in using a 1985 conviction for burglary as a basis for imposing the three strikes sentence in this case. Each of those petitions were denied, most recently by the California Supreme Court on June 10, 2009.

This petition followed. In this petition, Bradford again challenges the state court judgment entered in November 2000, raising the same sentencing claim that was most recently presented to the California state courts. For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply

---

[1] It appears that the California Court of Appeals dismissed the conviction for possession of a forged check, but otherwise affirmed the conviction.

to the Ninth Circuit Court of Appeals for leave to file a successive petition.

**II.  Discussion.**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, *before the respondent files an answer,* "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a *second and/or successive* petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart,* 549 U.S. 147, 153 (2007). This Court must dismiss any second or

successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton,* 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.")

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 549 U.S. at 157; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.[2]

//

---

[2] To the extent that Petitioner claims that the trial court erred in finding that the 1985 conviction could be deemed a strike offense under California law, he could have raised that claim in the first petition filed with this Court. To the extent he is challenging the 1985 burglary conviction itself, the Court does not have jurisdiction to hear such a challenge in this proceeding because he was apparently no longer in custody on that conviction when he filed this petition. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 404 (2001); *Maleng v. Cook*, 490 U.S. 488 (1989). In addition, any challenge to the 1985 conviction would obviously be untimely.

**III. Order.**

In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: July 28, 2009

_____
Cormac J. Carney
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge